FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 12, 2021

SEAN F. McAVOY, CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MIRANDA B.,[1]<br>　　　　　　　Plaintiff,<br><br>　　vs.<br><br>ANDREW M. SAUL,<br>COMMISSIONER OF SOCIAL<br>SECURITY,<br>　　　　　　　Defendant. | No. 2:20-cv-00255-MKD<br><br>ORDER DENYING PLAINTIFF'S<br>MOTION FOR SUMMARY<br>JUDGMENT AND GRANTING<br>DEFENDANT'S MOTION FOR<br>SUMMARY JUDGMENT<br><br>ECF Nos. 16, 17 |

Before the Court are the parties' cross-motions for summary judgment. ECF Nos. 16, 17. The parties consented to proceed before a magistrate judge. ECF No. 6. The Court, having reviewed the administrative record and the parties' briefing,

---

[1] To protect the privacy of plaintiffs in social security cases, the undersigned identifies them by only their first names and the initial of their last names. *See* LCivR 5.2(c).

ORDER - 1

is fully informed.  For the reasons discussed below, the Court denies Plaintiff's

motion, ECF No. 16, and grants Defendant's motion, ECF No. 17.

### JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

### STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social

Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is

limited; the Commissioner's decision will be disturbed "only if it is not supported

by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1153,

1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a

reasonable mind might accept as adequate to support a conclusion." *Id*. at 1159

(quotation and citation omitted).  Stated differently, substantial evidence equates to

"more than a mere scintilla[,] but less than a preponderance." *Id.* (quotation and

citation omitted).  In determining whether the standard has been satisfied, a

reviewing court must consider the entire record as a whole rather than searching

for supporting evidence in isolation. *Id.*

In reviewing a denial of benefits, a district court may not substitute its

judgment for that of the Commissioner. *Edlund v. Massanari*, 253 F.3d 1152,

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one

rational interpretation, [the court] must uphold the ALJ's findings if they are

ORDER - 2

1    supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674

2    F.3d 1104, 1111 (9th Cir. 2012).  Further, a district court "may not reverse an

3    ALJ's decision on account of an error that is harmless." *Id.*  An error is harmless

4    "where it is inconsequential to the [ALJ's] ultimate nondisability determination."

5    *Id.* at 1115 (quotation and citation omitted).  The party appealing the ALJ's

6    decision generally bears the burden of establishing that it was harmed.  *Shinseki v.*

7    *Sanders*, 556 U.S. 396, 409-10 (2009).

## FIVE-STEP EVALUATION PROCESS

9        A claimant must satisfy two conditions to be considered "disabled" within

10    the meaning of the Social Security Act.  First, the claimant must be "unable to

11    engage in any substantial gainful activity by reason of any medically determinable

12    physical or mental impairment which can be expected to result in death or which

13    has lasted or can be expected to last for a continuous period of not less than twelve

14    months."  42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be

15    "of such severity that he is not only unable to do his previous work[,] but cannot,

16    considering his age, education, and work experience, engage in any other kind of

17    substantial gainful work which exists in the national economy."  42 U.S.C. §

18    423(d)(2)(A).

19        The Commissioner has established a five-step sequential analysis to

20    determine whether a claimant satisfies the above criteria.  *See* 20 C.F.R. §

ORDER - 3

404.1520(a)(4)(i)-(v).  At step one, the Commissioner considers the claimant's work activity.  20 C.F.R. § 404.1520(a)(4)(i).  If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two.  At this step, the Commissioner considers the severity of the claimant's impairment.  20 C.F.R. § 404.1520(a)(4)(ii).  If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three.  20 C.F.R. § 404.1520(c).  If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled.  *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity.  20 C.F.R. § 404.1520(a)(4)(iii).  If the impairment is as severe or more severe than one of the enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess

ORDER - 4

1  the claimant's "residual functional capacity."  Residual functional capacity (RFC),

2  defined generally as the claimant's ability to perform physical and mental work

3  activities on a sustained basis despite his or her limitations, 20 C.F.R. §

4  404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

5      At step four, the Commissioner considers whether, in view of the claimant's

6  RFC, the claimant is capable of performing work that he or she has performed in

7  the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is

8  capable of performing past relevant work, the Commissioner must find that the

9  claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of

10  performing such work, the analysis proceeds to step five.

11      At step five, the Commissioner considers whether, in view of the claimant's

12  RFC, the claimant is capable of performing other work in the national economy.

13  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner

14  must also consider vocational factors such as the claimant's age, education, and

15  past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the

16  Commissioner must find that the claimant is not disabled.  20 C.F.R. §

17  404.1520(g)(1).  If the claimant is not capable of adjusting to other work, analysis

18  concludes with a finding that the claimant is disabled and is therefore entitled to

19  benefits.  *Id.*

20

ORDER - 5

The claimant bears the burden of proof at steps one through four above. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to step five, the burden shifts to the Commissioner to establish that 1) the claimant is capable of performing other work; and 2) such work "exists in significant numbers in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d 386, 389 (9th Cir. 2012).

## ALJ'S FINDINGS

On October 17, 2017, Plaintiff applied for Title II disability insurance benefits alleging a disability onset date of October 1, 2017.  Tr. 142, 251, 344-45.  The application was denied initially and on reconsideration.  Tr. 274-77, 279-82.  Plaintiff appeared before an administrative law judge (ALJ) on May 31, 2019.  Tr. 200-35.  On July 9, 2019, the ALJ denied Plaintiff's claim.  Tr. 139-57.

At step one of the sequential evaluation process, the ALJ found Plaintiff, who met the insured status requirements through December 31, 2022, has not engaged in substantial gainful activity since October 1, 2017.  Tr. 144.  At step two, the ALJ found that Plaintiff has the following severe impairments: cervical degenerative disc disease and degenerative joint disease, and rotator cuff tears in the bilateral shoulder status post surgeries.  *Id.*

At step three, the ALJ found Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed

ORDER - 6

impairment.  Tr. 146.  The ALJ then concluded that Plaintiff has the RFC to

perform light work with the following limitations:

> [Plaintiff] cannot crawl or climb ladders, ropes, or scaffolds; she can
> frequently climb ramps and stairs, balance, stoop, kneel, and crouch;
> she can occasionally rotate her neck; she cannot reach overhead; she
> cannot push or pull laterally or overhead with her upper extremities;
> and she can have no exposure to hazards, such as unprotected heights
> or moving mechanical parts.

Tr. 147.

At step four, the ALJ found Plaintiff is capable of performing her past

relevant work as a gambling cashier.  Tr. 150.  The ALJ did not make an

alternative step five finding.  Therefore, the ALJ concluded Plaintiff was not under

a disability, as defined in the Social Security Act, from the alleged onset date of

October 1, 2017, through the date of the decision.  Tr. 151.

On June 17, 2020, the Appeals Council denied review of the ALJ's decision,

Tr. 1-7, making the ALJ's decision the Commissioner's final decision for purposes

of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying

her disability insurance benefits under Title II of the Social Security Act.  Plaintiff

raises the following issues for review:

1. Whether the ALJ conducted a proper step-two analysis;

2. Whether the ALJ properly evaluated Plaintiff's symptom claims;

ORDER - 7

3.  Whether the ALJ properly assessed Plaintiff's RFC.[2]

ECF No. 16 at 11-12.

**DISCUSSION**

**A. Step Two**

Plaintiff contends the ALJ in finding Plaintiff's lumbar spine impairment and adjustment disorder are not severe impairments.  ECF No. 16 at 15-16.  At step two of the sequential process, the ALJ must determine whether the claimant suffers from a "severe" impairment, i.e., one that significantly limits her physical or mental ability to do basic work activities.  20 C.F.R. § 404.1520(c).  To establish a

_____

[2] Plaintiff lists the ALJ erring at step five as an issue, ECF No. 16 at 12, however the ALJ found Plaintiff capable of performing her past relevant work at step four and did not make an alternative step five determination, Tr. 150-51.  Plaintiff only sets forth an argument that the ALJ's erroneous RFC determination was harmful because it impacted the ALJ's step four and step five findings, and does not set forth any other arguments regarding the ALJ's vocational determination.  ECF No. 16 at 19.  Thus, the Court has addressed Plaintiff's contention that the ALJ's erroneous analysis of Plaintiff's RFC was a harmful error because the ALJ found Plaintiff capable of performing her past relevant work at step four, and finds there is no step five issue to address.

ORDER - 8

severe impairment, the claimant must first demonstrate the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice.  20 C.F.R. § 404.1521.

An impairment may be found to be not severe when "medical evidence establishes only a slight abnormality or a combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work…."  SSR 85-28 at *3.  Similarly, an impairment is not severe if it does not significantly limit a claimant's physical or mental ability to do basic work activities; which include walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; seeing, hearing, and speaking; understanding, carrying out and remembering simple instructions; responding appropriately to supervision, coworkers and usual work situations; and dealing with changes in a routine work setting.  20 C.F.R. § 404.1522(a); SSR 85-28.[3]

Step two is "a de minimus screening device [used] to dispose of groundless claims."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996).  "Thus, applying

---

[3] The Supreme Court upheld the validity of the Commissioner's severity regulation, as clarified in SSR 85-28, in *Bowen v. Yuckert*, 482 U.S. 137, 153-54 (1987).

ORDER - 9

our normal standard of review to the requirements of step two, [the Court] must determine whether the ALJ had substantial evidence to find that the medical evidence clearly established that [Plaintiff] did not have a medically severe impairment or combination of impairments." *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).

The ALJ found several of Plaintiff's impairments were non-severe, including her adjustment disorder.  Tr. 144-45.  The ALJ did not discuss Plaintiff's lumbar impairment, and did not list it as a severe impairment, thus finding it is non-severe.

1. *Lumbar Spine Impairment*

Plaintiff first contends the ALJ erred in finding Plaintiff's lumbar spine impairment non-severe, because Plaintiff had Harrington Rods placed in her back. ECF No. 16 at 16.  While Plaintiff alleges her lumbar spine impairment should have been found severe, because it caused more than minimal limitations on her ability to perform basic work activities, *id.*, Plaintiff does not set forth any argument as to what limitations her spine impairment has caused, nor does she cite to any objective evidence or opinions to support her argument.  As such, Plaintiff has not met her burden in demonstrating her lumbar impairment is a severe impairment.

ORDER - 10

1    *2. Adjustment Disorder*

2    Next, Plaintiff argues the ALJ erred in finding her adjustment disorder was

3    non-severe.  ECF No. 16 at 15-16.  The ALJ found Plaintiff's adjustment disorder

4    caused no more than mild limitations, and thus was non-severe.  Tr. 145-46.

5    Plaintiff argues her adjustment disorder is severe because Dr. Ashworth, an

6    examining psychologist, opined Plaintiff's adjustment disorder caused limitations

7    in Plaintiff's abilities.  ECF No. 16 at 16.  However, the ALJ gave multiple reasons

8    why he found Dr. Ashworth's opinion was not persuasive, Tr. 150, and Plaintiff

9    does not challenge any of the reasons.  Thus, any challenge to those findings is

10    waived.  *See Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th

11    Cir. 2008) (determining Court may decline to address on the merits issues not

12    argued with specificity); *Kim v. Kang*, 154 F.3d 996, 1000 (9th Cir. 1998) (the

13    Court may not consider on appeal issues not "specifically and distinctly argued" in

14    the party's opening brief).  Plaintiff does not point to any other objective evidence

15    or opinions to support her contention that her adjustment disorder causes more than

16    mild limitations.  As such, Plaintiff has not met her burden in demonstrating her

17    adjustment disorder is a severe impairment.

18    Further, even if the ALJ should have determined that Plaintiff's spinal

19    impairment and adjustment disorder are severe impairments, any error would be

20    harmless because the step was resolved in Plaintiff's favor.  *See Stout v. Comm'r of*

1  *Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *Burch v. Barnhart*, 400

2  F.3d 676, 682 (9th Cir. 2005).  Plaintiff makes no showing that either of the

3  conditions cause limitations not already accounted for in the RFC.  *See Shinseki*,

4  556 U.S. at 409-10 (the party challenging the ALJ's decision bears the burden of

5  showing harm).  Thus, the ALJ's step two finding is legally sufficient.

6  **B. Plaintiff's Symptom Claims**

7      Plaintiff faults the ALJ for failing to rely on reasons that were clear and

8  convincing in discrediting her symptom claims.  ECF No. 16 at 16-18.  An ALJ

9  engages in a two-step analysis to determine whether to discount a claimant's

10  testimony regarding subjective symptoms.  SSR 16–3p, 2016 WL 1119029, at *2.

11  "First, the ALJ must determine whether there is objective medical evidence of an

12  underlying impairment which could reasonably be expected to produce the pain or

13  other symptoms alleged."  *Molina*, 674 F.3d at 1112 (quotation marks omitted).

14  "The claimant is not required to show that [the claimant's] impairment could

15  reasonably be expected to cause the severity of the symptom [the claimant] has

16  alleged; [the claimant] need only show that it could reasonably have caused some

17  degree of the symptom."  *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

18      Second, "[i]f the claimant meets the first test and there is no evidence of

19  malingering, the ALJ can only reject the claimant's testimony about the severity of

20  the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

ORDER - 12

1  rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

2  omitted).  General findings are insufficient; rather, the ALJ must identify what

3  symptom claims are being discounted and what evidence undermines these claims.

4  *Id*. (quoting *Lester*, 81 F.3d at 834; *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th

5  Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted claimant's

6  symptom claims)).  "The clear and convincing [evidence] standard is the most

7  demanding required in Social Security cases." *Garrison v. Colvin*, 759 F.3d 995,

8  1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278 F.3d 920,

9  924 (9th Cir. 2002)).

10          Factors to be considered in evaluating the intensity, persistence, and limiting

11  effects of a claimant's symptoms include: 1) daily activities; 2) the location,

12  duration, frequency, and intensity of pain or other symptoms; 3) factors that

13  precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

14  side effects of any medication an individual takes or has taken to alleviate pain or

15  other symptoms; 5) treatment, other than medication, an individual receives or has

16  received for relief of pain or other symptoms; 6) any measures other than treatment

17  an individual uses or has used to relieve pain or other symptoms; and 7) any other

18  factors concerning an individual's functional limitations and restrictions due to

19  pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

20  404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

ORDER - 13

individual's record," to "determine how symptoms limit ability to perform work-related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence.  Tr. 147.

### 1. *Inconsistent Objective Medical Evidence*

The ALJ found Plaintiff's symptom claims are inconsistent with the objective medical evidence.  Tr. 147-49.  An ALJ may not discredit a claimant's symptom testimony and deny benefits solely because the degree of the symptoms alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir. 1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch*, 400 F.3d at 680. However, the objective medical evidence is a relevant factor, along with the medical source's information about the claimant's pain or other symptoms, in determining the severity of a claimant's symptoms and their disabling effects. *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

The ALJ found Plaintiff's physical symptoms are not as severe as Plaintiff claimed.  Tr. 147-49.  While imaging showed Plaintiff had significant degenerative changes in her cervical spine, her strength and sensation were both intact.  Tr. 147-

ORDER - 14

48 (citing Tr. 495, 590, 805).  Plaintiff had no numbness, tingling, or weakness in her arms, and she had normal reflexes and normal range of motion.  Tr. 148 (citing Tr. 590, 812, 832).  The ALJ noted Plaintiff gained nearly full use of her shoulder after making an excellent recovery from right shoulder surgery.  Tr. 148 (citing Tr. 512).  Plaintiff also had surgery on her left shoulder.  Tr. 148 (citing Tr. 601).  In June 2018, Plaintiff had normal grip strength, could make a full fist with both hands, was able to manipulate a coin, button, and doorknob with both hands, and had slightly reduced flexors and abductors of the left shoulder.  Tr. 148-49 (citing Tr. 615-16).  Plaintiff contends the objective evidence is consistent with her symptom claims, as she had cervical surgery after the hearing, and the evidence demonstrates she had other physical impairments including a back impairment and shoulder impairments.  ECF No. 16 at 17-18.  However, despite her impairments, Plaintiff had no radicular findings on examination at her consultative examination, and she had normal sensation and strength.  Tr. 615-17.

The ALJ also found Plaintiff's mental health symptoms are not as severe as she claimed.  Tr. 145-46.  While there were some abnormalities noted in the psychological consultative examination, Plaintiff was able to perform five digits forward and three backward, could recall three words immediately and upon delay, she was polite and cooperative, followed a three-step command, and was able to perform subtractions.  *Id.* (citing Tr. 584-85).  Plaintiff was generally observed as

polite and cooperative, and there is minimal mention of mental health symptoms in the records; rather, Plaintiff is consistently noted as being alert and active, with normal affect, and she denied anxiety and depression on many occasions.  Tr. 23, 96, 100, 507, 511, 532, 589, 597, 700.  Plaintiff reported doing well even without medication for depression.  Tr. 532.  In her function report, Plaintiff generally described minimal limitations in her mental functioning.  Tr. 145-46 (citing Tr. 403-10).

On this record, the ALJ reasonably concluded that Plaintiff's symptom claims are inconsistent with the objective medical evidence.  This finding is supported by substantial evidence and was a clear and convincing reason, along with the other reasons offered, to discount Plaintiff's symptom complaints.

### 2. Improvement with Treatment

The ALJ found Plaintiff's symptom claims are inconsistent with her improvement with treatment.  Tr. 148.  The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms.  20 C.F.R. § 404.1529(c)(3); *Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006) (determining that conditions effectively controlled with medication are not disabling for purposes of determining eligibility for benefits); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (recognizing that a favorable response

ORDER - 16

to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

The ALJ found Plaintiff had improvement in her right shoulder impairment after surgery.  Tr. 148.  In April 2017, Plaintiff's surgeon stated Plaintiff had an excellent recovery in her shoulder, and she regained near full use without pain.  Tr. 512.  By January 2018, imaging demonstrated a potential tear of the right long head bicep, Tr. 580.  The ALJ also noted Plaintiff had surgery on her left shoulder in March 2018.  Tr. 148 (citing Tr. 601).  At her June 2018 consultative examination, while Plaintiff had decreased range of motion in her shoulders, Plaintiff was able to make a full fist, pick up a coin, manipulate a button, turn a doorknob, and tie a bow,  and she had a normal grip strength, and a normal sensory examination.  Tr. 615-16.  On this record, the ALJ reasonably concluded that Plaintiff's impairments when treated were not as limiting as Plaintiff claimed. This finding is supported by substantial evidence and was a clear and convincing reason to discount Plaintiff's symptoms complaints.

### 3.  Activities of Daily Living

The ALJ found Plaintiff's activities of daily living are inconsistent with her symptom claims.  Tr. 149.  The ALJ may consider a claimant's activities that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a claimant can spend a substantial part of the day engaged in pursuits involving the performance of

exertional or non-exertional functions, the ALJ may find these activities inconsistent with the reported disabling symptoms. *Fair*, 885 F.2d at 603; *Molina*, 674 F.3d at 1113. "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment." *Molina*, 674 F.3d at 1112-13.

The ALJ noted Plaintiff's ability to do dishes for 30 minutes per day was inconsistent with her complaints of disabling neck and shoulder pain. Tr. 149 (citing Tr. 522). Plaintiff reported vacuuming, mopping, sweeping, dusting, chopping and hauling wood, driving, riding a bicycle, cleaning her home while assisting with a home remodel, handling yardwork, preparing simple meals, shopping, making jewelry, caring for her disabled husband and multiple animals, and serving as the administrator for a farmers' market where she runs a booth in the summer. Tr. 149 (citing, Tr. 406-07, 585-86, 614, 857, 871, 1092). Plaintiff contends the ALJ erred because he did not address how often or how long Plaintiff performed the activities, nor whether she had increased pain with activity. ECF No. 16 at 18. However, the sum of Plaintiff's many activities is inconsistent with her allegations of disabling limitations. On this record, the ALJ reasonably concluded that Plaintiff's symptom claims were inconsistent with her activities of

ORDER - 18

1  daily living.  This finding is supported by substantial evidence and was a clear and

2  convincing reason to discount Plaintiff's symptoms complaints.

3  **C. RFC**

4       Plaintiff faults the ALJ for not incorporating her absenteeism, time off-task,

5  and sedentary work restrictions into the RFC.  ECF No. 16 at 18-19.  At step four

6  of the sequential evaluation, the ALJ must determine the claimant's RFC.  20

7  C.F.R. § 404.1520(a)(4)(iv).  "[T]he ALJ is responsible for translating and

8  incorporating clinical findings into a succinct RFC."  *Rounds v. Comm'r Soc. Sec.*

9  *Admin.*, 807 F.3d 996, 1006 (9th Cir. 2015).  "[A]n ALJ's assessment of a claimant

10 adequately captures restrictions related to concentration, persistence, or pace where

11 the assessment is consistent with restrictions identified in the medical testimony."

12 *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir. 2008).  To the extent

13 the evidence could be interpreted differently, it is the role of the ALJ to resolve

14 conflicts and ambiguity in the evidence.  *Morgan v. Comm'r Soc. Sec. Admin.*, 169

15 F.3d 595, 599-600 (9th Cir. 1999).  Where evidence is subject to more than one

16 rational interpretation, the ALJ's conclusion will be upheld.  *Burch v. Barnhart*,

17 400 F.3d 676, 679 (9th Cir. 2005); *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir.

18 2012) (recognizing the court only disturbs the ALJ's findings if they are not

19 supported by substantial evidence).

20

ORDER - 19

Plaintiff first contends the ALJ erred in failing to include limitations to being off-task and absent from work in the RFC. ECF No. 16 at 19. However, Plaintiff does not cite to any opinion evidence nor medical evidence to support her contention that she would be off-task or absent from work. Plaintiff next contends the ALJ erred in failing to limit her to sedentary work. *Id.* Again, Plaintiff does not point to opinion evidence nor medical evidence to support her argument. The ALJ relied on several opinions that support the ALJ's RFC, and Plaintiff does not challenge any of the opinions. Tr. 149, 207-08, 211, 265-67. Plaintiff's RFC argument relies entirely on her argument that the ALJ erred in rejecting her symptom claims. Plaintiff argues the ALJ's erroneous RFC led to a harmful error at step four and five, but does not set forth any additional arguments regarding the ALJ's step four determination, and as discussed *supra,* the ALJ did not make a step five determination. A claimant fails to establish that a step five determination is flawed by simply restating argument that the ALJ improperly discounted certain evidence, when the record demonstrates the evidence was properly rejected. *Stubbs–Danielson*, 539 F.3d at 1175-76. The ALJ rejected Plaintiff's statements for clear and convincing reasons, as discussed *supra.* As such, Plaintiff has not demonstrated the ALJ erred in his RFC assessment nor in his vocational assessment.

ORDER - 20

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court concludes the ALJ's decision is supported by substantial evidence and free of harmful legal error. Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

2. Defendant's Motion for Summary Judgment, **ECF No. 17**, is **GRANTED**.

3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

The District Court Executive is directed to file this Order, provide copies to counsel, and **CLOSE THE FILE**.

DATED May 12, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 21